IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HMD GLOBAL OY,<br><br>*Movant*,<br><br>v.<br><br>LADAS & PARRY LLP,<br><br>*Respondent*. | CASE NO. XXXX<br><br>Related to No. 6:21-cv-00166-ADA, pending in the United States District Court for the Western District of Texas |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA**

HMD Global Oy ("HMD") respectfully moves this Court for an order compelling third-party Ladas & Parry LLP ("Ladas") to comply with HMD's subpoenas *duces tecum* and *ad testificandum* (collectively, the "Subpoenas") served on October 12, 2022, in *CPC Patent Techs. Pty Ltd. v. HMD Global Oy*, C.A. No. 21-00166-ADA, pending in the United States District Court for the Western District of Texas (the "Litigation").

I.  BACKGROUND

In the underlying patent litigation action, CPC Patent Technologies Pty Ltd. ("CPC") accuses HMD of infringing U.S. Patent. No. 9,665,705 (the "'705 Patent" or "Asserted Patent"). CPC is an Australian patent-assertion entity formed for the sole purpose of asserting patents against operating companies (like HMD, who produces Nokia-branded mobile devices) in the hopes of extracting exorbitant settlements. CPC practices no patents and makes no products of its own. CPC acquired its patents from third parties, some of which are now defunct. The '705 Patent asserted against HMD relates to biometric-security systems, and CPC has accused features such as the fingerprint- and face-unlock features on HMD's mobile devices of infringing its patent.

The subpoenas at issue seek highly relevant information regarding third-party assessments of the validity, value, and use of the Asserted Patent. Through discovery from CPC in the Litigation, HMD learned that certain "Securicom Entities"—CPC's third-party predecessors-in-interest—sought such assessments before divesting themselves of the '705 and other Patents. HMD also learned that Ladas was a law firm that had been retained by one such third party to prepare patent-infringement analyses—essentially reports advising whether a target product could infringe a patent—concerning the '705 Patent.[1]

---

[1] HMD believes that the third party who commissioned these analyses from Ladas may have since dissolved.

Any privilege that might have attached to these analyses has since been waived. HMD learned that at least one such infringement analysis was within CPC's possession (despite CPC not having commissioned it). HMD also learned that this analysis had been shared with CPC's prospective investors and offered to other interested parties—including a member of the Australian parliament. Moreover, CPC's production contained reference to the analysis having been repeatedly filed in Australian-court litigations involving ownership and valuation of the '705 Patent. When CPC nonetheless attempted to claim privilege over the document, the U.S. District Court for the Western District of Texas compelled CPC to produce it. *See* Ex. A at 2 ("CPC … shall produce … infringement analyses by Ladas & Perry").

Discovery from CPC in the Litigation suggests that this was just one of multiple opinions commissioned to be drafted by Ladas. Yet CPC purports not to possess any other analyses performed by Ladas regarding the '705 Patent, its patent family, CPC, or CPC's third-party predecessors-in-interest. With fact discovery set to close in the Litigation on December 1, 2022—now just weeks away—HMD thus timely subpoenaed Ladas for those documents and related testimony. *See* Ex. B.[2]

> REQUEST FOR PRODUCTION NO. 1: All Documents related to the Asserted Patent.
>
> REQUEST FOR PRODUCTION NO. 2: All Documents related to any Related Patent or any Related Application.
>
> REQUEST FOR PRODUCTION NO. 3: All Documents related to the Charter Pacific Entities.
>
> REQUEST FOR PRODUCTION NO. 4: All Documents related to the Securicom Entities.

---

[2] All page citations will refer to the additional page-number annotations identified by "Ex. B," and not the original page numbers throughout portions of the subpoena.

*Id.* at 8. HMD also provided Ladas a copy of the Protective Order entered in the Litigation that would cover any documents produced by Ladas. *See* Ex. B at 11–42. On October 11, 2022, HMD provided CPC notice that it intended to subpoena Ladas. *See* Ex. H. CPC never raised any issues with or objections to HMD's subpoenas of Ladas.

The subpoenas were served on October 12, 2022, at Ladas's New York office. *See* Ex. C. Document production was noticed for Friday, October 28, 2022, at Perkins Coie's New York office—a few blocks away from the Ladas office. Ex. B at 1. A deposition was noticed for Thursday, November 3, 2022 at 9:00AM at the same location, covering the same topics. *Id.* at 43.

No documents or objections were served on Perkins Coie on Friday, October 28, 2022. To HMD's surprise, no one from Ladas reached out at all to discuss the subpoenas or request an extension to the deadlines. *See* Decl. of Matthew J. Moffa ("Decl."), ¶ 7.

On Monday, October 31, 2022, HMD's counsel sent an email to the address on the Ladas New York Office Website, stating:

> Your firm was served with the attached subpoenas on October 12, 2022. The Rule 45(d) objection period has passed and the noticed deposition is set for this Thursday, November 3, 2022 in New York.
>
> Please ensure that all responsive documents you have collected have been provided to my attention as set forth in the attached subpoena. I will accept production of the documents to my email address to avoid further prejudice from delay.

Ex. D. Ladas did not respond to the email.

On Tuesday, November 1, 2022, HMD's counsel sent a letter, with a signature-upon-delivery required, to the address on the Ladas New York Office Website, stating:

> Your firm was served with the enclosed subpoenas on October 12, 2022. We have received no objections or response from your firm. The Rule 45(d) objection period has passed, any objections to production have been waived, and the noticed deposition is set for this Thursday, November 3, 2022, at 9:00AM, at Perkins Coie LLP, 1155 Avenue of the Americas, 22nd Floor New York, NY 10035-2711.

4

> Please ensure that all responsive documents you have collected are available during the deposition. If you do not attend the deposition or produce the subpoenaed materials, we will move to compel compliance and to recover our expenses in this matter.

Ex. E; Ex. F. Ladas did not respond to the letter.

On November 3, 2022, at 9:00AM, HMD's counsel was prepared to take a deposition of Ladas. A court reporter and videographer were present at Perkins Coie's New York Office. *See* Ex. G at 3. Counsel for CPC appeared remotely at their request. *Id*. No witness appeared for Ladas, so at 9:18AM, HMD's counsel memorialized the absence and closed the record, without objection from CPC's counsel. *Id.* at 5:24–6:11.

On November 4, 2022, at approximately 2:00PM, HMD's counsel received a telephone call from Burt Ehrlich, a Ladas attorney listed on Ladas's website as the chair of the firm's litigation department. Decl., ¶ 10. In a voicemail message, he provided confusing and potentially inconsistent explanations for Ladas's response. *Id.*, ¶ 11. He made an ambiguous reference to having been served with a single subpoena, but did not specify whether he was referring to the document or testimonial subpoena. *Id*. He alleged that this subpoena was "not apparently served until October 31." *Id*. He then confirmed service but said that the individual whom HMD served "is no longer an employee of the firm." *Id*. He provided no explanation for Ladas's failure to produce documents or appear for the November 3 deposition. *Id*. And he provided no explanation for Ladas's failure to contact HMD's counsel at any time before November 4 (including, to be clear, even after Ladas's own purported October 31 service date). *Id*.

In a subsequent call that afternoon, Mr. Ehrlich represented that Ladas had identified documents responsive to the subpoena. *Id.*, ¶ 12. Mr. Ehrlich then concerningly stated that, rather than produce those documents to HMD under subpoena immediately, Ladas had elected to send them to a former employee of the firm, had given that former employee "access" to Ladas's

5

records, and had suggested that the former attorney select documents to provide to HMD. *Id*. Mr. Ehrlich also stated that he understood the former employee to be in possession of a "hard drive" of relevant Ladas records, but that, rather than collect that hard drive for preservation and production, Ladas had again asked the former attorney to review the drive and select documents to provide to HMD. *Id*. On the call, Mr. Ehrlich made no verbal objections to the requests in the subpoena—including, to be clear, no privilege, burden, or proportionality objections. *Id*.

To date, HMD has never received objections (written or otherwise) to its subpoenas.

## II. LEGAL STANDARD

Rule 26(b)(1) allows discovery of non-privileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case." It directs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 45 is one tool that enables the discovery of relevant matter held by those who are not parties to the litigation; it allows for subpoenas of non-party witnesses, and is intended to be commensurate in scope with the party-discovery rules. *See* Fed. R. Civ. P. 45 Advisory Committee Note ("The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34.").

Under Rule 45, third parties who have been served a subpoena may object so long as those objections are "served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). That includes privilege objections; if any discovery is being withheld on that basis, the respondent must "describe the nature of the withheld documents [or] communications" so that the requesting party may "assess the claim." Fed. R. Civ. P. 45(e)(2)(A). However, a third party that fails to timely provide its objections to a subpoena

thereby waives those objections.[3] *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (finding privilege claim waived by failing to raise it within the window provided by Rule 45, noting that "the recipient of a subpoena [must] raise all objections at once, rather than in staggered batches, so that discovery does not become a game.") (internal marks omitted); *see also Top Jet Enters. v. Kulowiec*, C.A. No. 21-MC-789 (RA) (KHP), 2022 WL 280459, at *4 (S.D.N.Y. Jan. 31, 2022) (finding "undue burden" objections waived after noting that "[t]he fourteen-day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections."). Courts throughout the country are in accord. *See Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573, 576 (5th Cir. 2016) (affirming a district court's finding that respondent waived objections to personal jurisdiction by (in part) failing to file timely objections pursuant to Rule 45); *Ott v. City of Milwaukee*, 682 F.3d 552, 558 (7th Cir. 2012) (noting a respondent's cursory reservation to raise substantive objections failed to comply with Rule 45, and any substantive objections would have been waived).

### III. ARGUMENT

#### A. The Requested Documents Are Relevant

A United States District Court has already found that the sort of documents HMD now seeks from Ladas are relevant and owed to HMD. *See* Ex. A at 2. In particular, CPC was ordered to identify any basis for retaining and not producing "valuation, infringement, or other analysis" regarding the Asserted Patent, *see id.*; CPC's response made clear that no other Ladas documents were in its possession. But because CPC has been unable to make a fulsome production on its own, HMD was required to seek the present third-party discovery from Ladas directly. And HMD

---

[3] The Second Circuit has stated, however, that "where a constitutional privilege is involved a trial court possesses the discretion not to find waiver," particularly where waiver would require unequivocal action. *In re DG Acquisition Corp.*, 151 F.3d at 81.

has good reason to believe (and indeed, Ladas has confirmed, *see* Decl., ¶ 12) that Ladas possesses numerous, additional documents concerning the '705 Patent that are relevant to HMD's current litigation with CPC.

HMD's document requests are narrowly tailored to capture from a litigation-sophisticated party what HMD expects is a small number of highly relevant documents. Specifically, HMD requested that Ladas produce all documents related to (1) the '705 Patent; (2) the related patent families to the '705 Patent; (3) CPC's corporate entities (the plaintiff/patent owner in the Litigation); and (4) CPC's predecessor(s)-in-interest (the "Securicom Entities") to the '705 Patent. Ex. B at 8. These requests are directly tied to the '705 Patent asserted against HMD in the Litigation, or to the entities involved and/or predecessors-in-interest to that Patent.

While HMD cannot predict what documents Ladas will produce in response, based on the patent-infringement analysis in HMD's possession to-date and other documents produced in discovery, HMD has reason to believe that Ladas may possess additional documents and/or communications such as: (1) communications and submissions surrounding the patent-infringement analysis HMD already possesses, which could provide necessary context to the analysis; (2) other patent-infringement analyses evaluating the '705 Patent against other potential accused infringers, which could evidence how CPC's predecessors-in-interest had understood the scope of the '705 Patent claims; (3) patent-invalidity analyses and/or prior-art references that could be used to invalidate the '705 Patent; (4) patent-valuation analyses that would be relevant to any damages calculation; and (5) patent ownership analyses related to liquidation of at least one of CPC's predecessor(s)-in-interest. Similar documents have already been deemed to be relevant by the U.S. District Court for the Western District of Texas. *See* Ex. A at 2 ("CPC … shall produce … infringement analyses by Ladas & Perry").

8

While Ladas is a law firm, neither it nor its client has asserted privilege over the documents being requested. This is unsurprising, as, when CPC attempted to claim privilege over a document of this sort, the U.S. District Court for the Western District of Texas ordered that it be produced. *See id.* at 2. The court was undoubtably correct in its decision, as the disputed document had been shared by CPC and/or prior patent owners with prospective investors and had purportedly been filed in Australian-court litigations. And there is good reason to believe other documents in Ladas's possession were likewise shared, or have otherwise since lost any claim of privilege, through the actions of Ladas or its (likely dissolved) client.

At base, the documents HMD seeks from Ladas are directly relevant to the Litigation against CPC, and HMD has tailored its requests to seek only such relevant documents.

**B.     Ladas Cannot Now Hide Behind its Untimely Objections**

Although Ladas still has yet to substantively respond to HMD's subpoenas, should Ladas subsequently respond or ask this Court to entertain its objections, the Court should decline to do so because the time for objecting has long passed.

In this Circuit, a third party that fails to timely provide its objections to a subpoena waives those objections. *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998). "[T]he recipient of a subpoena [must] raise all objections at once, rather than in staggered batches, so that discovery does not become a game." *Id*. But here, it appears that Ladas is playing such games.

HMD obtained proof of service on October 12, 2022. Ex. C. Accordingly, under Rule 45, Ladas had until "***the earlier*** of the time specified for compliance [(*i.e.*, October 28, 2022)] or 14 days after the subpoena is served [(*i.e.*, October 27, 2022)]." Fed. R. Civ. P. 45(d)(2)(B). That deadline is now nearly two weeks ago, and Ladas still has not substantively responded or provided any indication that it plans to object. After no less than three unanswered attempts by HMD's counsel to reach Ladas directly (two of three with confirmed deliveries), *see* Ex. B; Ex. D; Ex. E,

9

Ladas cannot now claim any sort of good-faith basis for its failure, and any contention that it first learned of the subpoenas on October 31 should be rejected outright.

This Court has held that, once the deadline for responding to a subpoena has passed, objections such as relevance, burden, proportionality, and even privilege are waived. Indeed, in *Top Jet*, this Court ordered a respondent to produce a trove of over 38,000 documents that were identified in response to a subpoena request, despite likely containing irrelevant and even privileged documents, because the respondent had failed to object to the subpoena requests within the timeframe provided by Rule 45. 2022 WL 280459, at *4–5.

The same should be true here: Ladas should be compelled to produce **all** documents that it has identified as being responsive to the requested topics, as well as the hard drive of a former attorney-employee identified by Mr. Ehrlich, because it failed to provide any objection to the subpoena. While producing all such documents may be exhaustive, such an order is particularly necessary because Ladas has since provided the documents it has already identified to the **separate** third-party, former employee to sift through, and allowed that former employee to keep the hard drive with further responsive information. *See* Decl., ¶ 12. Neither Ladas nor the Court have any direct control over that unidentified individual, and thus Ladas cannot ensure that responsive documents will not be withheld, let alone preserved.

Even if Ladas were to object to HMD's requests, those objections would lack merit. As set forth above, requested documents have already been adjudged relevant, nonprivileged, and proportional in the Action. And as for burden, Ladas has already confirmed that it needed only a few days to identify relevant documents among its records. *See* Decl., ¶ 12. Ladas has, again without burden, already identified the location of other responsive documents—its former employee's hard drive, which Ladas should have collected immediately for production. *See id*.

Nor does HMD have any reason to believe that Ladas has performed voluminous work involving the handful of identified patents and parties.

In short, Ladas has waived any potential objections to the subpoena that it may have had, the time to adjudicate such objections before the close of discovery has passed, and in any case such objections would be unsupportable. Ladas should be compelled to produce ***all*** of the documents it has identified as responsive, rather than those ultimately selected by an unidentified ex-employee.

### IV.    CONCLUSION

HMD respectfully requests that the Court grant its motion and compel Ladas to comply with HMD's subpoena.

Dated: November 8, 2022

*/s/ Matthew J. Moffa*
Matthew J. Moffa
Perkins Coie LLP
1155 Avenue of the Americas, Fl. 22
New York, NY 10036
Telephone: 212.262.6900
Facsimile: 212.977.1649

*Counsel for Movant*
*HMD Global Oy*