UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HMD GLOBAL OY,

                            Plaintiff,                            22-mc-315 (PKC)

     -against-                                                       ORDER

LADAS & PARRY LLP,

                            Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        HMD Global Oy ("HMD") moves to compel compliance by Ladas & Parry LLP ("Ladas") with subpoenas duces tecum and ad testificandum. The subpoenas stem from a patent litigation action in the United States District Court for the Western District of Texas. <u>CPC Patent Technologies Pty Ltd. v. HMD Global Oy</u>, No. 6:21-cv-166-ADA (W.D. Tex.). In the Texas litigation, CPC Patent Technologies ("CPC") accuses HMD of patent infringement. Ladas is not a party to that litigation, but HMD seeks documents relating to patent-infringement analyses prepared by Ladas on behalf CPC's predecessors-in-interest, who are termed by HMD the "Securicom Entities." (Doc. 2) Ladas has not timely complied with or objected to the subpoenas, and it has not filed a response to the instant motion to compel. As explained below, the motion will be granted.

        CPC was ordered in the Texas litigation to produce relevant infringement-analysis opinions written by Ladas and within its possession. (Doc. 3-1) In search of additional, similar documents, HMD subpoenaed Ladas regarding any patent-infringement analyses they produced for the Securicom Entities. (Doc. 3-2) The subpoenas were served on Ladas at their New York office on October 12, 2022. (Doc. 3-3) Document production was set for October 28, 2022, at

the New York office of counsel for HMD, and the related deposition was set for November 3, 2022, at the same location. Counsel for HMD declares that Ladas did not respond or produce any documents by the noticed date. (Doc. 3) Counsel then reached out to Ladas by both email and letter to draw attention to the subpoenas (Docs. 3-4 & 3-5), but no representative from Ladas appeared at the November 3 deposition (Doc. 3-7). Counsel for HMD declares that he has subsequently been in telephonic contact with Ladas regarding their subpoena obligations, but as of the filing of the motion to compel, Ladas had neither produced any documents nor registered any objections to production. (Doc. 3)

On November 8, HMD filed its motion in this Court to compel Ladas to comply with the subpoenas. (Doc. 1) The motion and other required documents were served on an attorney in Ladas's New York office on November 10. (Doc. 5) Under Local Civil Rule 6.1(b), Ladas had fourteen days after service to file a response. No response has been filed.

Under Rule 45, Fed. R. Civ. P., parties may obtain discovery from nonparties by subpoena, so long as "the information [is] relevant to the claims and defenses and proportional to the needs of the case." Ambac Assurance Corp. v. U.S. Bank Nat'l Assoc., No. 17-cv-2614, 2020 WL 526404, at *2 (S.D.N.Y. Feb. 3, 2020). Any objection to the subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). If an entity seeks to make a claim of privilege over a document, it must "expressly make" that claim and "describe the nature of the withheld documents." Fed. R. Civ. P. 45(e)(2)(A). "The failure to serve written objections to a subpoena within the time specified . . . typically constitutes a waiver of such objections." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996).

- 3 -

In support of its motion to compel, HMD has submitted a declaration from attorney Matthew J. Moffa (Doc. 3), copies of the subpoenas (Doc. 3-2), and proof of service (Doc. 3-3).  As the requested documents are similar in kind to those already ordered disclosed in the Texas litigation, the Court sees no reason to question their relevance to that litigation.  Ladas did not timely object to the subpoena.  Accordingly, any defenses and privileges are likely waived.

For these reasons, HMD's motion to compel Ladas's compliance with the subpoenas is GRANTED.  The Clerk is directed to terminate the motion (Doc. 1).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
   December 7, 2022